[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S APPLICATION TO VACATE CT Page 3268 ARBITRATION AWARD
I.
The plaintiff, City of New Haven, seeks to vacate an arbitration award issued by the State Board of Arbitration. The basis for this request is that the Board refused to grant a continuance to the Deputy Corporation Counsel who was ill and unable to attend the hearing. The subsequent stipulation he entered into, the plaintiff claims, was the result of coercion by the Board.
 II.
Facts
The events leading up to this dispute may be summarized as follows:
On April 18, 1986, the plaintiff terminated the grievant, Benedetto Minichino, from his position as a sanitarian. The matter went to the Board of Arbitration and its award was the subject of hearings in this court, with the plaintiff appealing from a prior award in favor of the grievant. The matter wended its way back to the Board where each party sought and received at least one continuance. It was then assigned for what was designed to be a final hearing on August 14, 1991.
Attorney Clifton E. Graves, Jr. was handling the matter for the plaintiff and he became ill the night before the scheduled hearing. Feeling no better the next morning, Mr. Graves called the Board offices the next morning and first spoke to the attorney for the defendant. She advised him a continuance would be up to the Board. The Board chair then advised Mr. Graves that he could come to Wethersfield, send someone else, or the hearing would commence in his absence.
Versions as to what transpired next differ with the teller, but there is no question that a proposed agreement was read to Mr. Graves after he spoke with counsel for the defendant and he agreed to the resolution.
III. CT Page 3269
 A
The court agrees with the plaintiff's first claim, that it was improper to deny Mr. Graves a continuance because of illness. This same request under these circumstances made to this court would have produced an affirmative response and the matter would be reassigned. The court recognizes the need to move business and afford litigants speedy results. However, a sudden illness and the lack of an available replacement should not determine the rights of parties. It was misconduct on the part of the Board to refuse to postpone the hearing under these circumstances.
 B
The claim that the resolutions were Effected by coercing agreement from Mr. Graves presents a more difficult issue. Obviously, Mr. Graves was at a disadvantage in being ill, not being on the scene, and having been told that the matter would not be postponed.
However, he was a practicing lawyer who is presumed to know the remedies he would have upon the denial of his request for a continuance. He also had a duty to protect his client, the plaintiff. Certainly, an award made over his objection would be more likely to be overturned than one in which he joined.
The court also heard from two members of the Board. They denied any coercion was exerted, and Ms. Freedman, the chairperson, stated that she went into the matter fully and carefully with Mr. Graves and told him he did not have to accept the resolution the Board and counsel for the defendant had worked out. Mr. Goggin, the management member of the panel, also spoke to Mr. Graves and he testified that he explained the agreement to him and was told by Graves that he was in complete agreement.
While an attorney is an advocate and not a gladiator, there are times when one must resist persuasion, temptation and even coercion. After hearing these panel members, the court does not believe they coerced Mr. Graves, but even if he felt they were exerting pressure on him, he should have been able to utilize his own free will and resist such tactics.
The court does not find that agreement was the result of coercion, but was entered into freely and voluntarily. CT Page 3270
 IV.
Though the continuance should have been granted, once Mr. Graves went on to negotiate he waived any defect in the proceedings up to that point. The claim, raised for the first time at the hearing, that he lacked the authority to bind the plaintiff City and so advised the panel members, appears to the court to be an afterthought.
In any event, the defendant's then counsel and the two board members denied that Mr. Graves told them that. It was not placed, in the stipulation and if he did require some approval from his client, he had a duty to insure it was placed in the stipulation.
 V.
Conclusion
In view of the conclusions reached in Parts III. B and IV., the plaintiff's Application to Vacate is denied.
Anthony V. DeMayo, Judge